CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 13 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 7:11-cr-00089-001 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | By: Samuel G. Wilson |
| ASTON EARL MCCREA. | ) | United States District Judge |

Aston Earl McCrea was convicted of drug trafficking, money laundering, and related firearm offenses. As a part of his sentence, the court entered a forfeiture order that included a "money judgment" in the amount of $76,062.63, representing the proceeds of McCrea's drug trafficking. McCrea unsuccessfully appealed his convictions and sentence, without ever challenging the forfeiture order. The government has moved to amend the forfeiture order to include substitute assets in place of the $76,062.63 under 21 U.S.C. § 853(p), to which McCrea objects. McCrea essentially maintains the government cannot use the substitute provisions of § 853(p) here because a money judgment is not property. McCrea's argument ignores the contextual use of the term "money judgment" in the forfeiture order. Here, in context, the term is simply shorthand for the valuation or quantification of the proceeds of McCrea's drug trafficking, which are forfeitable. Because the court finds the government has otherwise satisfied the statutory requirements for the substitution of assets, it overrules McCrea's objections and grants the substitution.

I.

On December 15, 2011, a Western District of Virginia grand jury returned an indictment charging McCrea with conspiring to distribute 100 kilograms or more of a mixture or substance containing marijuana in violation of 21 U.S.C. § 846; possessing with intent to distribute a

mixture or substance containing marijuana in violation of title 21 U.S.C. § 841(a)(1); conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h); after having been convicted of a felony, possessing a firearm in affecting interstate and foreign commerce in violation of 18 U.S.C. § 922(g)(1); and possessing a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1). The indictment also contained a notice of forfeiture giving notice of the government's intent to seek forfeiture of various assets including "any property constituting, or derived from, any proceeds obtained, directly or indirectly, [from those] offenses pursuant to 21 U.S.C. § 853(a)(1)," certain firearms and ammunition, $3,937.37 in currency seized during a search of McCrea's home in Goodview, Virginia ("Goodview property"),[1] and "[n]ot less than $80,000 in United States currency and all interests and proceeds" obtained from the commission of McCrea's offenses.

On May 15, 2012, a jury found McCrea guilty of all the offenses alleged, leaving the forfeiture for the court to decide. The following month, the court found the government had established the requisite nexus and entered a preliminary order of forfeiture forfeiting the specific property alleged in the indictment and the self-styled "money judgment:"

> Based upon the evidence of record and pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court finds a money judgment in the amount of $76,062.63 shall be entered against defendant in that such sum in aggregate was obtained directly or indirectly as a result of said violations or is traceable to such property.

(Doc. No. 110-1) As its order noted, the court deducted $3,937.37 (the cash seized from McCrea's residence) from the amount of the forfeiture "money judgment" it would have otherwise imposed ($80,000 in proceeds attributable to McCrea's drug trafficking offenses).

---

[1] The Goodview property consists of McCrea's residence and a 46.54 acre tract of land.

On September 7, 2012, the court sentenced McCrea to 180 months imprisonment, imposed a $25,000 fine, and forfeited the property listed in the preliminary order of forfeiture. The written judgment of conviction entered on September 11, 2012 memorialized the sentence imposed in open court. Including the money judgment as "property," the court entered a "final order of forfeiture" on September 14, 2012 finally forfeiting the property listed in the preliminary order of forfeiture,[2] and McCrea filed a *pro se* notice of appeal on September 21, 2012 appealing his judgment of conviction.

On January 14, 2013, while McCrea's appeal was pending, the government moved to amend the order of forfeiture to include substitute assets. According to the government, "[d]espite the exercise of due diligence [it was] unable to locate the proceeds of the offense and [was] therefore requesting that the Court order the forfeiture of substitute property" under 21 U.S.C. § 853(p). Specifically, it sought to substitute the Goodview property. According to the government's motion, after forfeiture and sale of the property, it would remit to McCrea net proceeds in excess of the monetary judgment.

McCrea responded *pro se* by moving to stay proceedings until the conclusion of his appeal. (Doc. No. 146) He later moved for a temporary restraining order and the appointment of counsel. The court found that it needed to hold a hearing as to whether the government had satisfied the requirements for substituting assets under § 853(p) and that, given the complex nature of the matter, the court should appoint counsel under 18 U.S.C. § 3006A to represent McCrea. The court appointed McCrea the same counsel that the Court of Appeals appointed earlier to represent him on appeal.

---

[2] The final order of forfeiture ordered that "All right, title and interest to the following described property is forfeited to the United States of America" and listed the "Money Judgment in the amount of $76,062.63." (Final Order of Forfeiture, ECF 114 (emphasis added))

3

At the hearing on June 13, 2013, Hunter Durham, a special agent with the Department of Homeland Security, testified that McCrea admitted to receiving proceeds amounts totaling roughly $76,000, but that none of McCrea's accounts contained assets anywhere near that amount. According to Durham, McCrea admitted to spending most of his drug proceeds on travel and dining out. Durham also testified that a government contractor appraised the Goodview property at $250,000, and, based on a mortgage repayment of $140,183.83, the net proceeds from the sale of the property (taking administrative costs into account) would be $76,988. The government argued, based on this evidence, that the Goodview property is an appropriate substitute asset for the $76,062.63 "money judgment" in the forfeiture order. McCrea argued that using the substitution forfeiture procedures to satisfy the forfeiture "money judgment" would be an improper use of § 853(p). The government responded, however, that the term "money judgment" was simply shorthand for the amount of proceeds McCrea made dealing drugs, which was a forfeitable asset subject to substitution.

Following the evidence and arguments at the hearing, the court directed the parties to brief the matter. In the meantime, the Court of Appeals affirmed McCrea's judgment of conviction.

## II.

McCrea implicitly argues that the court lacked authority to impose a money judgment under § 853(a) and, therefore, it cannot order substitution under § 853(p). His argument rests on the premise that a money judgment is not forfeitable "property," but is instead a liability. (McCrea Br., ECF 170, p.17) Money judgments are, however, well entrenched in forfeiture

4

proceedings under the Drug Abuse Prevention and Control Act,[3] and McCrea cannot use this proceeding as a vehicle to determine whether they are proper because the court imposed the forfeiture money judgment at sentencing without objection, and the judgment of conviction has been affirmed. See United States v. Zorrilla-Echevarria, 671 F.3d 1, 5 (1st Cir. 2011) (noting that time to appeal validity of forfeiture money judgment runs from the entry of the sentencing order). The court, therefore, assumes the validity of the forfeiture money judgment and turns to the question properly before it: whether the government may substitute assets for the forfeiture money judgment.

Once a valid forfeiture order exists, § 853(p) permits substitution "of any other property of the defendant" for "*any* property described in § 853(a)," in certain circumstances including if, as a result of any act or omission of the defendant, "the original property subject to forfeiture cannot be located upon the exercise of due diligence." 21 U.S.C. § 853(p)(1) and (2). Here, the government's forfeiture money judgment in the amount of $76,062.63 exists solely by virtue of the court's determination that McCrea obtained drug proceeds in a corresponding amount subject to forfeiture under § 853(a). The money judgment therefore represents forfeitable property under § 853(a). The government's evidence from the forfeiture hearing established that McCrea

---

[3] Section 853(a) and (b) specify that property subject to forfeiture includes "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of [his] violation," that has resulted in his conviction. See 21 U.S.C. § 853(a) (1). Although the statute does not expressly provide for a money judgment forfeiture, courts have found them to be proper in light of the statutory command to disgorge proceeds and apply the provisions of § 853 "liberally to effectuate its remedial purposes." Id. at § 853(o); see United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999) ("A criminal forfeiture order may take several forms. First, the government is entitled to an *in personam* judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense."); see also, United States v. Baker, 227 F.3d 955, 970 (7th Cir. 2000) (noting that where a defendant lacked funds to pay a forfeiture money judgment, the government could satisfy part of the award with substitute assets); accord, United States v. Awad, 598 F.3d 76, 77 (2d Cir. 2010). Fed. R. Crim. P. 32.2 also acknowledges the use of money judgment forfeitures, but the Rules Advisory Committee takes no position as to their validity.

dissipated the proceeds on travel and dining, and, despite due diligence, the government was unable to recover an amount that could satisfy the forfeiture money judgment. The court finds this evidence is sufficient to substitute assets under § 853(p). See, e.g., United States v. Alamoudi, 452 F.3d 310, 315–16 (4th Cir. 2006) (holding that an affidavit containing information that, based on the experience of the investigator, the defendant's "acts" or "omissions" made the proceeds unavailable was sufficient to support forfeiture under § 853(p)); Candelaria-Silva, 166 F.3d at 42–3 (concluding the government met § 853(p) requirements by submitting an affidavit that "recited the efforts [it] had made to locate the proceeds of the . . . conspiracy" and came to the conclusion that defendant had dissipated those proceeds).[4] Accordingly, the court will grant the government's motion to substitute the Goodview property for the money judgment.[5]

III.

For the foregoing reasons, the court grants the government's motion to amend the order of forfeiture to include substitute assets and denies McCrea's related motions.

---

[4] The court notes, incidentally, that net proceeds from the Goodview property are expected to approximate the amount of forfeitable proceeds. In any event, the government will remit to McCrea any proceeds it obtains beyond the forfeiture amount. See, e.g., Alamoudi, 452 F.3d at 315, n.3 (affirming forfeiture order and providing "if the value of the seized substitute assets exceeds [the amount of the forfeiture order], the Government 'shall remit such excess to the defendant'").

[5] On July 24, 2013, McCrea filed a *pro se* motion under 28 U.S.C. § 2255 claiming that trial counsel rendered ineffective assistance. Federal Rule of Criminal Procedure 32.2(d) permits the court to stay a forfeiture order where a defendant appeals that order, but it "does not provide for a stay of forfeiture proceedings during the pendency of a § 2255 proceeding." United States v. Sperow, 1:06-CR-00126-BLW, 2011 WL 3837283 (D. Idaho Aug. 29, 2011); United States v. Saccoccia, 62 F. Supp. 2d 539, 542 (D.R.I. 1999) (holding the fact that defendant's "§ 2255 motion collaterally attacks the conviction does not strip the conviction of its finality or prevent the government from executing on the forfeiture order that is part of the judgment of conviction"). Because McCrea's conviction became final when it was affirmed on appeal, the court finds no reason to stay the execution of McCrea's forfeiture judgment.

**ENTER**: January 13, 2014.

_____
UNITED STATES DISTRICT JUDGE